JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **LACV 26-12504-KK-BFMx** | Date: | November 24, 2026 |
| Title: | ***Roderick W Barnett v. Rocket Mortgage Company, LLC, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order DISMISSING the Complaint WITHOUT LEAVE TO AMEND [Dkt. 1]**

## I. <u>INTRODUCTION</u>

On October 26, 2026, pro se plaintiff Roderick W Barnett ("Plaintiff") filed the operative Complaint against Rocket Mortgage Company, LLC ("Rocket") and Affinia Default Services, LLC ("Affinia") (collectively, "Defendants"), alleging violations of state and federal laws relating to the foreclosure of Plaintiff's home. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). For the reasons set forth below, Plaintiff's federal claim is **DISMISSED WITHOUT LEAVE TO AMEND** and the remaining state claims are **DISMISSED WITHOUT PREJUDICE**.

## II. <u>BACKGROUND</u>

On October 26, 2026, Plaintiff commenced this action by filing a Complaint against Defendants, asserting the following claims:

**First Cause of Action:** Violation of 12 C.F.R. § 1024.41 ("Regulation X");
**Second Cause of Action:** Violation of Section 2923.6 of the California Civil Code[1];
**Fourth Cause of Action:** Negligence;

[1] Plaintiff's Third Cause of Action seems to be duplicative of Plaintiff's Second Cause of Action.

JS-6

**Fifth Cause of Action:** Fraud;
**Sixth Cause of Action:** Intentional Inflection of Emotional Distress; and
**Seventh Cause of Action:** Violation of California's Unfair Competition Law ("UCL"), Section 17200 et seq. of the California Business and Professions Code.

Compl. ¶¶ 53-119.

As alleged in the Complaint, on or about September 26, 2005, Plaintiff purchased the real property located at 6260 Mosley Avenue, Los Angeles, CA 90056 ("Subject Property"). See id. ¶¶ 1, 8. On or about February 6, 2024, Plaintiff experienced "financial hardship" and contacted defendant Rocket to discuss foreclosure prevention options. See id. ¶ 9. On or about September 10, 2025, defendant Affinia recorded a Notice of Default against the Subject Property, and on or about June 29, 2026, scheduled a foreclosure sale for July 23, 2026. See id. ¶ 13-14. On or about August 15, 2026, Defendants then postponed the foreclosure sale to September 29, 2026. See id. ¶ 15.

While Plaintiff claims he initially submitted a loss mitigation application "more than [sixty] days before any scheduled foreclosure date," he specifically admits he did not submit a "complete loan modification application" to defendant Rocket until September 19, 2026, i.e. ten days before the rescheduled September 29, 2026 foreclosure sale. See id. ¶ 10. Defendant Rocket acknowledged receipt of "all of the information [it] need[s] from [Plaintiff] to evaluate [his] eligibility for loss mitigation options" on September 20, 2026. See id., Ex. 5 at 45.

## III.
## LEGAL STANDARD

A complaint may be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A trial court may dismiss a claim sua sponte under Rule 12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor, Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

JS-6

## IV.
## DISCUSSION

Here, Plaintiff's sole federal cause of action – alleging a violation of Regulation X, 12 C.F.R. § 1024.41 – fails as a matter of law. Under 12 C.F.R. § 1024.41(g), Regulation X prohibits "dual tracking" – moving forward with a foreclosure sale while evaluating a pending loss mitigation application – only if the borrower submits a complete application more than thirty-seven days before the scheduled sale date. Here, although Plaintiff claims an application "was submitted more than [sixty] days before any scheduled foreclosure sale," he specifically concedes, "[o]n or about September 19, 2026, Plaintiff submitted a complete loan modification application to Defendant Rocket." See Compl. ¶ 10 (emphasis added). Additionally, Plaintiff attaches exhibits to the Complaint which verify defendant Rocket received the completed application on September 20, 2026. See id., Ex. 5 at 45. Hence, Plaintiff's own allegations and exhibits concede he did not submit a completed loan modification application until a mere ten days before the rescheduled September 29, 2026 foreclosure sale. See id. ¶¶ 10, 15. As pleaded, therefore, Regulation X's dual tracking protections never attached and Plaintiff's sole federal claim fails as a matter of law. See 12 C.F.R. § 1024.41(b)(3); Lage v. Ocwen Loan Servicing LLC, 839 F.3d 1003, 1009-10 (11 Cir. 2016) ("[T]o determine whether the Borrowers' application was timely, we must ask whether, when the Borrowers submitted their complete loss mitigation application . . . more than 37 days remained before the foreclosure sale was scheduled to occur.").

Despite Plaintiff's admission he did not submit a complete loan modification application more than thirty-seven days before the foreclosure sale date, under his "First Cause of Action" header, Plaintiff nevertheless alleges "[he] submitted a complete loss mitigation application more than 37 days before the foreclosure sale date." Compl. ¶ 20. This formulaic recitation of the statutory standard directly contradicts Plaintiff's specific allegations, see Compl. ¶¶ 10-11, and the exhibits attached to the Complaint, see id., Ex. 5 at 45. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (holding court is not required to accept as true conclusory assertions or unwarranted deductions of fact that are contradicted by matters of record). Hence, Plaintiff's sole federal claim, as pleaded, fails as a matter of law.[2]

[2] While an incomplete application may be treated as "facially complete" under 12 C.F.R. § 1024.41(c)(2)(iv) once a borrower submits all missing documents requested in the servicer's written notice, see Estrada v. Caliber Home Loans, Inc., 172 F. Supp. 3d 1108, 1114-15 (C.D. Cal. 2016), Plaintiff alleges no facts showing his application became "facially complete" prior to the thirty-seven-day cutoff. See Compl. To the contrary, in addition to Plaintiff's own admission (1) he did not submit a complete loan modification application until September 19, 2026, see id. ¶ 10, and (2) the confirming exhibit showing defendant Rocket acknowledged receipt on September 20, 2026, see id., Ex. 5 at 45, the Uniform Borrower Assistance Form attached to the Complaint confirms he did not execute one of the required missing documents until September 1, 2026, merely twenty-eight days before the September 29, 2026 sale, see id., Ex. 5 at 43.

Moreover, although leave to amend should be "freely given," Foman v. Davis, 371 U.S. 178, 182 (1962), here, Plaintiff has specifically pleaded facts – confirmed by his own attached exhibits – that affirmative foreclose a claim under Regulation X. Because Plaintiff cannot cure this defect without contradicting the allegations and exhibits attached to the Complaint, any amendment would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 297-98 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading.") (citation modified); Sprewell, 266 F.3d at 988 (finding a court is not required to accept "allegations that contradict matters properly subject to judicial notice or by exhibit").

Accordingly, Plaintiff's Regulation X claim is **DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim. The Court further declines to consider the remaining state claims that are DISMISSED WITHOUT PREJUDICE to refiling in state court.**

## V.
## CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED**. (JS-6)

**IT IS SO ORDERED.**